UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22065-BLOOM

DR. REHAB AUF,

    Plaintiffs,

v.

HOWARD UNIVERSITY, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Dr. Rehab Auf's ("Plaintiff") Motion to Proceed *in Forma Pauperis*, ECF No. [4] (the "IFP Motion"). Plaintiff filed this Action against Defendants Dr. Edna Green Medford, Dr. Anthony K. Wutoh, Dr. Wayne A.I. Frederick, Dr. Robert Catchings, and Howard University (collectively referred to as "Defendants") on May 22, 2019. *See* Compl., ECF No. [1]. For the reasons stated below, the IFP Motion is denied and this matter is dismissed without prejudice.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted).  This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

This action arises out of an alleged employment-related dispute between the Plaintiff, Howard University and several of the University staff members.  In the Complaint, Plaintiff alleges that she was wrongfully terminated from her employment at the University in contravention of the University's policies and procedures.  Plaintiff asserts several claims against the Defendants, including claims for negligence and harassment, fraud and/or conspiracy to defraud, vicarious liability, and breach of contract.

Upon a careful review of Plaintiff's Complaint, the Court finds Plaintiff's Complaint to be a shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, stating

> [t]hough the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates ... [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006). Further, a shotgun complaint is one that contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income*

*Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 205 F.3d 1293, 1295 (11th Cir. 2002); *see also Pelletier v. Zweifel,* 921 F.2d 1465, 1517–18 (11th Cir. 1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they assert"); *Osahar v. U.S. Postal Service,* 297 Fed. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 979–80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count). Section 1915(e)(2) requires the district court to dismiss an action brought by a plaintiff proceeding in forma pauperis if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Here, Plaintiff's Complaint constitutes a shotgun pleading because Plaintiff has incorporated all of the Complaint's "factual and count" paragraphs into each of the counts asserted in the Complaint. *See* ECF No. [1], at ¶ 55 ("Plaintiff incorporates all Complaint and Counts paragraphs as if fully set forth under each listed count."). This is a quintessential shotgun pleading, and what the Eleventh Circuit Court of Appeals has referred to as the most common type of shotgun pleading. *See Weiland*, 792 F.3d at 1321. Because the Court finds that the Complaint is an improper shotgun pleading the Court will dismiss the Complaint without prejudice, permitting Plaintiff the opportunity to cure the defects and re-file.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's IFP Motion, **ECF No. [4],** is **DENIED.**
2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
3. Plaintiff is permitted to file an Amended Complaint **no later than June 3, 2019**.
4. The Motion for Referral to the Volunteer Attorney Program, **ECF No. [4]**, is **DENIED AS MOOT** and *without prejudice to refile*.

Case No. 19-cv-22065-BLOOM

**DONE AND ORDERED** in Miami, Florida, on May 23, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rehab Auf
15300 SW 74 PL
Palmetto Bay, FL 33157
305-306-2385
Email: auf.rehab@outlook.com

5